TISDALE LAW OFFICES
11 West 42nd Street, Suite 900
New York, NY 10036
Tel:  (212) 354-0025
Fax:  (212) 869-0067
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BRAVE BULK TRANSPORT LTD.,

        Plaintiff,

   - against -

SPOT ON SHIPPING LTD., a.k.a. SPOT ON
SHIPPING LTD. BVI., a.k.a. SPOT ON,
a.k.a CLAYTON STAR COMPANY LIMITED
a.k.a. CLAYTON STAR and PEHW ASSET
MANAGEMENT LIMITED a.k.a. PEHW
ASSET MANAGEMENT LTD.,

        Defendants.
------------------------------------------------------------X

: 07 CV _____

: ECF CASE

## VERIFIED COMPLAINT

The Plaintiff, BRAVE BULK TRANSPORT LTD. (hereinafter "Plaintiff"), by its attorneys, Tisdale Law Offices, as and for its Verified Complaint against the Defendants, SPOT ON SHIPPING LTD. a.k.a. SPOT ON SHIPPING LTD. BVI a.k.a. SPOT ON (hereinafter "Spot On") a.k.a. CLAYTON STAR COMPANY LIMITED a.k.a. CLAYTON STAR (hereinafter "Clayton Star") and PEHW ASSET MANAGEMENT LIMITED a.k.a. PEHW ASSET MANAGEMENT LTD. (hereinafter "Pehw Asset")(collectively referred to as the "Defendants") allege, upon information and belief, as follows:

1.    This is an admiralty and maritime claim within the meaning of Federal Rule of Civil Procedure 9(h) and 28 United States Code § 1333.

2. At all material times, Plaintiff was and still is an entity duly organized and existing by virtue of foreign law.

3. Upon information and belief, at all material times, the Defendant Spot On was and still is an entity duly organized and existing by virtue of foreign law places of business in the British Virgin Islands and Hong Kong with offices at Room 1818-1823, 18th floor, Sun Hung Kai Centre, No. 30 Harbour Road, Wanchai, Hong Kong.

4. Upon information and belief, at all material times, the Defendant Pehw Asset was and still is an entity duly organized and existing by virtue of foreign law with a principal place of business in Hong Kong and/or the British Virgin Islands operating out of the same address as Spot On.

5. Upon information and belief, Spot On notified the Plaintiff on or about March 30, 2007 by email that its name had changed and that "Spot On Shipping Limited ("The Company") has been acquired at 100% equity by PEHW Asset Management Limited, which is a subsidiary company under PEHW Fund Limited. So the operation of The Company should be named as "PEHW Asset Management Limited" afterwards, which is also the official name for the purpose of ffa contract."

6. Upon information and belief, Pehw Asset notified the Plaintiff on or about May 7, 2007 by email that the name and contact details of "Spot On Shipping Limited, BVI" had been changed to "Clayton Star Company Limited." As such, Clayton Star is a name by which Spot On is also known.

7. By way of a Forward Freight Agreement dated February 26, 2007 (hereinafter the "FFA"), Defendant Spot On agreed to sell and buy freight futures with the Plaintiff.

2

8. The FFA provided for settlement dates of the last day of three contract months: April, May and June of 2007.

9. Despite due demand for payment, Defendant has failed to remit payment to Plaintiff in breach of the FFA.

10. As a result of Spot On's breach of the FFA contract, Plaintiff has suffered a loss in the total principal sum of $380,769.67, as best can now be estimated, exclusive of interest, recoverable costs and reasonable attorneys fees.

11. Pursuant to clause 16 of the FFA contract all disputes arising thereunder are to be submitted to the English High Court of Justice with English law to apply.

12. Plaintiff is currently preparing to commence litigation against the Defendants in the English High Court on its claims as described hereinabove.

13. Interest, costs and attorneys' fees are routinely awarded to the prevailing party in English High Court proceedings conducted pursuant to English Law. As best as can now be estimated, Plaintiff expects to recover the following amounts:

| | | | |
|---|---|---|---|
| A. | Principal claim: | | $380,769.67 |
| B. | Estimated interest on the principal claims at 6.5% for three years: | | $79,260.27 |
| C. | Attorneys' fees and other recoverable costs: | | $80,000.00 |
| Total: | | | **$540,029.94** |

14. Upon information and belief, Pehw Asset is the alter ego of Spot On because it dominates and disregards Spot On's corporate form to the extent that Pehw Asset is actually carrying on Spot On's business and operations as if same were its own.

15. Upon information and belief, Defendant Pehw Asset is an alias, or agent of

Defendant Spot On and/or Spot On is an alias, or agent of Pehw Asset.

16. Upon information and belief, Defendants Pehw Asset and Spot On are commonly beneficially owned, and commonly managed, controlled and dominated, by the same individuals, and used to carry on such individuals' own business. Further, the Defendants share the same offices, employees, telephone numbers, fax numbers and/or email addresses.

17. Upon information and belief, Defendant Pehw Asset has no separate, independent identity from Defendant Spot On as they use their names interchangeably with design to fraudulently avoid payment of just debts to their creditors.

18. In the alternative, Defendant Pehw Asset is merely a shell corporation through which Spot On conducts its business.

19. In the further alternative, Defendants Pehw Asset and Spot On are partners and/or are joint venturers.

20. In the further alternative, Defendants Pehw Asset and Spot On are affiliated companies such that the Defendant Pehw Asset is now, or will soon be, holding assets belonging to Defendant Spot On and vice versa.

21. The Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendants have, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees including, but not limited to, ABN-AMRO, American Express Bank, Bank of America, Bank of New York, Deutsche Bank, Citibank, HSBC Bank USA Bank, J.P. Morgan Chase, Standard Chartered Bank, Wachovia Bank N.A., and/or Commerzbank

Aktiengesellschaft AG which are believed to be due and owing to the Defendants.

22. The Plaintiff seeks an order from this Court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims attaching any assets of the Defendants held by the aforesaid garnishees for the purpose of obtaining personal jurisdiction over the Defendants, and to secure the Plaintiff's claims as described above.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendants, citing them to appear and answer under oath all and singular the matters alleged in the Complaint;

B. That since the Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and federal common law attaching all tangible or intangible property in whatever form or any other funds held by any garnishee, including, but not limited to, ABN-AMRO, American Express Bank, Bank of America, Bank of New York, Deutsche Bank, Citibank, HSBC Bank USA Bank, J.P. Morgan Chase, Standard Chartered Bank, Wachovia Bank N.A. and/or Commerzbank Aktiengesellschaft AG which are due and owing to the Defendants, in the amount of **$540,029.94** to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Verified Complaint;

C. That this Court recognize and confirm any foreign judgment/award of costs on the

claims had herein as a judgment of this Court;

D.     That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof; and

E.     That the Plaintiff have such other, further and different relief as the Court may deem just and proper.

Dated: May 30, 2007
       New York, NY

                                      The Plaintiff,
                                      BRAVE BULK TRANSPORT LTD.,

                              By:     _____
                                      Lauren C. Davies (LD 1980)
                                      Thomas L. Tisdale (TT 5263)
                                      TISDALE LAW OFFICES
                                      11 West 42nd Street, Suite 900
                                      New York, NY 10036
                                      (212) 354-0025 (Phone)
                                      (212) 869-0067 (Fax)
                                      ldavies@tisdale-law.com
                                      ttisdale@tisdale-law.com

## ATTORNEY VERIFICATION

State of New York   )
                    )   ss: Manhattan
County of New York  )

1. My name is Thomas L. Tisdale.

2. I am over 18 years of age, of sound mind, capable of making this Verification and fully competent to testify to all matters stated herein.

3. I am the attorney for the Plaintiff in this action. I am fully authorized to make this Verification on its behalf.

4. I have read the foregoing Verified Complaint and the contents thereof are true and accurate to the best of my knowledge, information and belief.

5. The reason that this Verification was made by me and not the Plaintiff is that the Plaintiff is a corporation none of whose officers are present in this District.

6. The source of my knowledge is information and records furnished to me by the Plaintiff and its solicitors, all of which I believe to be true and accurate.

Dated: May 30, 2007
New York, NY

_____
Lauren C. Davies