TISDALE LAW OFFICES    Fax:2032541641    Sep 17 2007 11:54    P.01

11 WEST 42ND STREET, SUITE 900
NEW YORK, NY 10036
(212) 354-0025
FAX: (212) 869-0067

TL@TISDALE-LAW.COM



# TISDALE
## LAW OFFICES, LLC

*New York, NY & Southport, CT*

10 SPRUCE STREET
SOUTHPORT, CT 06890
(203) 254-8474
FAX: (203) 254-1641

WWW.TISDALE-LAW.COM

**MEMO ENDORSED**

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/17/07

September 17, 2007

RECEIVED
SEP 17 2007
CHAMBERS OF
COLLEEN McMAHON

*Via Fascimile 212 805 6326*
The Honorable Colleen McMahon
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 640
New York, New York 10007

Re:   **Brave Bulk Transport Ltd. v. Spot On Shipping Ltd., et al.**
      Docket no.: 07 CV 4546 (CM)
      Our Ref: 1698

Dear Honorable Madam:

We represent the Plaintiff Brave Bulk Transport Ltd. in the above-referenced action and write in response to Your Honor's decision and order of September 14, 2007 and defendant Zhanggang Shipping Ltd.'s (hereinafter "ZSL") motion to vacate maritime attachment of August 22, 2007. Until defendant's counsel's fax of September 14, 2007, requesting a ruling on the motion, we were unaware of same. We sincerely apologize for the inconvenience this oversight has caused, and assure the Court that we did not intend this motion to go unopposed. Given Your Honor's decision and order of September 14, 2007, we submit the herein letter to apprise the Court of our position and will fully brief our position to the Court in our papers due September 20, 2007.

Regarding the maritime nature of the contract, Plaintiff submits that an FFA is a maritime contract and will demonstrate same to the Court in its show cause brief of September 20, 2007. Plaintiff further submits that contrary to the assertions made by defendant ZSL in its motion papers, Judge Batt's ruling in *Setsea v. Sourcelink Shipping Co. Ltd.*, No. 07 Civ. 4147 (S.D.N.Y. June 5, 2007) has been reversed, or more appropriately "superseded," as Judge Batt's ultimately signed the undersigned's application for the ex parte order of maritime attachment in that action albeit under a different docket number due to the fact that by her June 5, 2007 order, the original matter filed under docket number 07 Civ. 4147 had been dismissed. The ex parte order signed by Judge Batts and the corresponding Verified Complaint were filed on a related case basis under docket number 07 Civ. 6230 (DAB). Thus, Judge Batt's reconsidered and effectively revised her prior decision on the issue.

9/17/07
Prior decision stayed
pending receipt of
brief on Sept 20
CM

Further, Plaintiff made all of its alter-ego allegations in good faith, including those against Zhanggang Shipping Ltd. In its September 20, 2007 papers, Plaintiff will lay out for the Court the basis for its "information and belief" allegations against Zhanggang Shipping Ltd. Based upon that submission, we believe Your Honor will have more than sufficient evidence to deny the motion, or if we are requested to do so, to grant our motion for reconsideration and deny ZSL's motion to vacate.

In the interim and until the Court has been able to review the Plaintiff's September 20, 2007 submissions, we respectfully request that Your Honor's September 14, 2007 Decision and Order vacating maritime attachment against defendant Zhanggang Shipping Ltd. be stayed.

Respectfully submitted,

*[signature]*

Lauren C. Davies

cc: *Via Facsimile (212) 385 1605*
Mahoney & Keane, LLP
111 Broadway, Tenth Floor
New York, NY 10006
Attn: Garth S. Wolfson