UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
——————————————————————x

BRAVE BULK TRANSPORT LTD.,

      Plaintiff,

-against-                              07 Civ. 4645 (CM)

SPOT ON SHIPPING LTD., et al.,

      Defendant.

——————————————————————x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/17/07

### DECISION AND ORDER VACATING MARITIME ATTACHMENT AGAINST DEFENDANT ZHANGGANG SHIPPING LIMITED (ZSL) AND ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WHY THE COMPLAINT SHOULD NOT BE DISMISSED FOR LACK OF JURISDICTION

McMahon J.:

    On July 10, 2007, this Court signed an ex parte order of attachment pursuant to Supplemental Admiralty Rule B. The order covered the property of all defendants named in the complaint, including Zhanggang Shipping Limited (ZSL), which was alleged to be an alter ego of defendant Spot On Shipping Ltd. Spot On was allegedly in breach of contracts that were alleged by plaintiff to be maritime contracts, thereby permitting plaintiff to invoke the admiralty jurisdiction of this court.

    On August 22, 2007, ZSL moved to vacate the attachment of its property on two grounds: the underlying contract that was allegedly breached by Spot On was not a maritime contract, and ZSL had not been shown to be Spot On's alter ego.

    The time for filing opposition to the motion has expired and no opposition has been received from plaintiff.

    The motion to lift the attachment as to defendant ZSL is hereby granted.

    First, on the record before this court, ZSL is not an alter ego of Spot On. The verified complaint alleges that ZSL hsa no separate or independent identity from Spot On, that the two corporations use their names interchangeably with a design to fraudulently avoid payment of just debts. Alternatively, it alleges that ZSL is merely a shell corporation through which Spot On conducts business. Alternatively, it alleges that ZSL and Spot On are partner and/or joint

venturers. And alternatively it alleges that the two companies are affiliated. All these allegations are made on information and belief.

In moving to dismiss, ZSL has provided a declaration from one Zhang Jinlu, a director and shareholder of ZSL, who avers that there is no connection whatever between ZSL and Spot On and that ZSL is in fact the captive shipper for Zhangdian Iron Steel Works, which is owned by the Chinese Government. No contrary evidence having been presented, I conclude that there is no basis for the "information and belief" allegations contained in the verified amended complaint concerning any relationship between ZSL and Spot On. Since a Rule B attachment on an alleged alter ego's property cannot be sustained in the absence of a showing of at least some specific facts demonstrating the type of corporate domination and control sufficient to pierce the corporate veil, See Dolco Investments, Ltd. V. Moon River Development, Ltd. 2006 U.S. Dist. LEXIS 31101 (S.D.N.Y. April 26, 2007), I must lift the attachment as against ZSL on that basis alone.

Moreover, it does not appear that plaintiff has asserted a maritime claim. The complaint alleges that Spot On has breached a "forward freight agreement" (FFA), which is an agreement to buy and/or sell freight futures. An FFA is not a "'maritime contract." Setsea S.P.A. v. Source Link Shipping Co. Ltd., No. 07 Civ. 4147 (S.D.N.Y. Jun. 5, 2007), but rather is a means of hedging financial risk and making costs and revenues more predictable. For this reason, too, the attachment must be lifted as against ZSL.

The fact that the underlying FFA contract is not a maritime contract means that the court lacked jurisdiction to attach any assets in the first place. Accordingly, plaintiff is directed to show cause, by submission of papers no later than 5 PM on September 20, why the attachment should not be vacated in its entirety and this action dismissed. The court will not adjourn this date. Additionally, plaintiff's counsel is directed to explain to the court, at the same time and in the same manner, what facts or circumstances led to his "information and belief" allegations of some relationship between Spot On and ZSL. Failure to respond to this order to show cause may result in the imposition of sanctions if the court determines that this action was commenced in bad faith.

Dated: September 14, 2007

_____
U.S.D.J.

BY FAX TO:

    Tisdale Law Offices (212-869-0067)
    Edward A. Keane, Esq. (212-385-1605)