UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BRAVE BULK TRANSPORT LTD.,                          :

        Plaintiff,                              :     07 CV 4546 (CM)

    - against -                                    :     ECF CASE

SPOT ON SHIPPING LTD., a.k.a. SPOT ON               :
SHIPPING LTD. BVI., a.k.a. SPOT ON,
a.k.a CLAYTON STAR COMPANY LIMITED                  :
a.k.a. CLAYTON STAR and PEHW ASSET
MANAGEMENT LIMITED a.k.a. PEHW                      :
ASSET MANAGEMENT LTD.
and ZHANGGANG SHIPPING LIMITED,                     :

        Defendants.                             :
------------------------------------------------------------X

## MOTION FOR RECONSIDERATION OF
## ORDER VACATING THE MARITIME ATTACHMENT

Pursuant to Federal Rule of Civil Procedure 60(b) and Southern District Local Rule 6.3, the Plaintiff, BRAVE BULK TRANSPORT LTD., by and through its undersigned counsel hereby moves for reconsideration of this Court's September 14, 2007 Order vacating the maritime attachment against Zhanggang Shipping Limited ("ZSL"). Plaintiff's attachment as against Spot On Shipping Ltd. a.k.a. Spot On a.k.a. Clayton Star Company Limited a.k.a. Clayton Star ("Spot On"), and Pehw Asset Management Limited a.k.a. Pehw Asset Management Ltd. ("Pehw") and ZSL (collectively referred to as the "Defendants") should not be vacated because forward freight agreements are maritime contracts and, as such, Plaintiff has sustained its burden of establishing that it has a maritime claim against the Defendants named in this action. Further, Plaintiff's motion for reconsideration of this court's vacatur of the attachment as against ZSL should be granted because (1) Plaintiff has a maritime claim, (2) Plaintiff has adequately alleged

prima facie alter-ego claims against ZSL and the other alter-ego defendants, and (3) Plaintiff has satisfied the requirements of Supplemental Rule B of the Federal Rules of Civil Procedure for Certain Admiralty Claims ("Rule B") in all other respects. Plaintiff's accompanying memorandum of law concisely sets forth the matters that the Court overlooked in granting ZSL's motion to vacate the maritime attachment.

Accordingly, the Plaintiff's motion for reconsideration should be granted and the Defendant's motion to vacate the case should be denied.

Dated: September 20, 2007
New York, NY

Respectfully submitted,

The Plaintiff,
BRAVE BULK TRANSPORT LTD.,

By: _____
Lauren C. Davies (LD 1980)
Thomas L. Tisdale (TT 5263)
TISDALE LAW OFFICES, LLC
11 West 42nd Street, Suite 900
New York, NY 10006
(212) 354-0025 (p)
(212) 869-0067 (f)
ldavies@tisdale-law.com
ttisdale@tisdale-law.com

2

## AFFIRMATION OF SERVICE

I hereby certify that on September 20, 2007, a copy of the foregoing MOTION FOR RECONSIDERATION was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's CM/ECF system.

By: _____/s/_____
Lauren C. Davies