UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X

BRAVE BULK TRANSPORT LTD.,                    **07 Civ. 4546 (CM)**

                          Plaintiff,          DECLARATION


          -against-


SPOT ON SHIPPING LTD., a.k.a. SPOT
ON SHIPPING LTD. BVI, a.k.a. SPOT ON,
a.k.a. CLAYTON STAR COMPANY LIMITED
a.k.a. CLAYTON STAR and PHEW ASSET
MANAGEMENT LIMITED a.k.a. PEHW ASSET
MANAGEMENT LTD. and ZHANGGANG SHIPPING
LIMITED,

                          Defendant.
----------------------------------------X


     I, Garth S. Wolfson, hereby declare as follows:


     1.   I am a partner with the firm of Mahoney & Keane, LLP,
counsel of record for defendant ZHANGGANG SHIPPING LIMITED (ZSL).
Based upon my personal knowledge and my review of the file
maintained by my office, I am familiar with the proceedings in
this case.


     2.   Herewith attached are true copies of the following:

          Exhibit F:    Second Declaration on behalf of ZSL, by
                        Zhang Jinglu, executed on September 25,
                        2007;

          Exhibit G:    Declaration on behalf of Zhangdian Iron
                        and Steel Works, by Wang Zhijie,
                        executed on September 21, 2007; and

          Exhibit H:    Excerpt from the Baltic Online Website.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 27, 2007
New York, New York

                              MAHONEY & KEANE, LLP
                              Attorneys for Defendant
                              ZHANGGANG SHIPPING LIMITED

              By:    _____
                              Garth S. Wolfson (GW 7700)
                              111 Broadway, Tenth Floor
                              New York, New York 10006
                              (212) 385-1422

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
BRAVE BULK TRANSPORT LTD.,                          07 Civ. 4546 (CM)

                          Plaintiff,          DECLARATION

        -against-

SPOT ON SHIPPING LTD., a.k.a. SPOT
ON SHIPPING LTD. BVI, a.k.a. SPOT ON,
a.k.a. CLAYTON STAR COMPANY LIMITED
a.k.a. CLAYTON STAR and PHEW ASSET
MANAGEMENT LIMITED a.k.a. PEHW ASSET
MANAGEMENT LTD. and ZHANGGANG SHIPPING
LIMITED,

                          Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X


   REGARDING THE ATTACHED TWO REMITTANCES UNDER PLAINTIFF'S
ACTION AND ACCORDINGLY ISSUED MARITIME ATTACHMENT ORDER, I,
ZHANG JINGLU, AS DIRECTOR AND SHAREHOLDER OF ZHANGGANG
SHIPPING LIMITED AND ALSO THE DIRECTOR AND SHAREHOLDER OF
ZHANGDIAN IRON AND STEEL (HONG KONG) CO.,LTD., HEREBY DECLARE
AS FOLLOWS BASIS MY PERSONAL KNOWLEDGE AND MY REVIEW OF THE
FILE MAINTAINED BY MY OFFICE:

1. JUST AS THE DECLARED RELATIONSHIP BETWEEN ZHANGGANG
   SHIPPING LIMITED AND ZHANGDIAN IRON AND STEEL WORKS IN THE
   LAST DECLARATION FROM MYSELF, THESE TWO ATTACHED
   REMITTANCE WAS BOTH OCCURRED BECAUSE OF ZHANGGANG SHIPPING
   LIMITED'S SHIPPING SERVICE TO ZHANGDIAN IRON AND STEEL
   WORKS.

2. AS PER PAGE 1 OF EXHIBIT 1 HERE. FIRST ATTACHED USD 7,219.44
   WAS DEMURRAGE MONEY OCCURRED AT LOADING PORT GOA, INDIA
   UNDER M.V. OINOUSSIAN LION VOY CHARTER (31/OCT-7/NOV, 2006
   IN GOA) WITH BILL OF LADING ISSUED ON 7/NOV/2006. AS PER
   NORMAL PROCEDURE, THIS USD 7,219.44 SHOULD BE PAID BY
   LOADING PORT GOA'S LOCAL SHIPPERS "SESA GOA LIMITED", WHO
   IS SELLER OF ALL IRON ORE IN THIS SHIPMENT WITH ZHANGDIAN

IRON AND STEEL WORKS AS BUYER, FIRSTLY TO ZHANGDIAN IRON
AND STEEL (HONG KONG) GO.,LTD. AND THEN ZHANGDIAN IRON AND
STEEL (HONG KONG) GO.,LTD. REMITTED THE SAME TO ZHANGGANG
SHIPPING LIMITED. HOWEVER, TO SIMPLIFY THE REMITTANCE
PROCEDURE, ZHANGDIAN IRON AND STEEL (HONG KONG) GO.,LTD.
ISSUED A REMITTANCE INSTRUCTION TO SELLER AND REQUESTED
SESA GOA LIMITED REMIT THE DEMURRAGE USD 7,219.44 TO
ZHANGGANG SHIPPING LIMITED DIRECTLY.

3. AS PER PAGE 2 OF EXHIBIT 1 HERE, ZHANGGANG SHIPPING LIMITED
   INVOICED DEMURRAGE AND DISPATCH MONEY TOTALLY USD
   1,375,270.30 OCCURRED UNDER 5 SHIPMENTS FROM FEBURARY TO
   JULY, 2007 COLLECTIVELY, EACH SHIPMENT BILL OF LADING DATES
   AND LOADING/DISCHARGE PORTS LISTED. ALL THESE SHIPMENTS
   WAS CARRYING IRON ORE BY ZHANGGANG SHIPPING LIMITED FOR
   ZHANGDIAN IRON AND STEEL WORKS. FINALLY, ZHANGDIAN IRON
   AND STEEL (HONG KONG) GO.,LTD. REMITTED USD 1,000,000.00
   AS MAIN PART AND INTENDED TO SETTLE THE REMAINED DEMURRAGE
   MONEY IN COMING DAYS, WHICH WAS FORCED TO CEASE DUE TO
   ATTACHMENT OCCURRED.

4. MOREOVER, AS PER PAGE 1 OF EXHIBIT 2 HERE, THE SLIP BETWEEN
   FORTIS BANK AND HSBC BANK SHOWS CLEARLY THAT USD
   1,000,000.00 WAS REMITTED TO ZHANGGANG SHIPPING LIMITED
   BY "ZHANGDIAN IRON AND STEEL (HONG KONG) GO.,LTD." WHICH
   IS SET UP IN HONG KONG BY ZHANGDIAN IRON AND STEEL WORKS.
   MAIN BUSINESS OF ZHANGDIAN IRON AND STEEL (HONG KONG)
   GO.,LTD. IS OPENING LETTER OF CREDIT FOR IRON ORE IMPORT
   TRADE OF ZHANGDIAN IRON AND STEEL WORKS, REMITTANCE AND
   SETTLEMENT OF OCEAN FREIGHT AND OTHER RELEVANT EXPENSES.

PURSUANT TO 28 U.S.C. 1746, I DECLARE UNDER PENALTY OF PERJURY
UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE
FOREGOING IS TRUE AND CORRECT.

EXECUTED ON SEPTEMBER 25, 2007
HONG KONG, CHINA

ZHANG JINGLU

# ZHANGGANG  SHIPPING  LIMITED

張 鋼 船 務 有 限 公 司

# INVOICE

M/S:   SESA GOA LIMITED

Ref:  ZS703039

Date:  16-Mar-2007

| | | | |
|---|---|---|---|
| M.V.: | MV OINOUSSIAN LION | Voy. No: | Z0608 |
| B/L Date: | 7-Nov-06 | B/L Qty: | 69,400   MT |
| L/Port: | GOA, INDIA | D/Port: | QINGDAO, PRC |

| TYPE | PARTICULARS | AMOUNT ((USD) |
|---|---|---|
| DEMURRAGE | LOADING PORT - SHIPPER PORTION | 7,219.44 |
| | **TOTAL AMOUNT DUE (USD)** | 7,219.44 |

E. & O.E.

Please make payment / remit under the following banking instructions:

| | |
|---|---|
| BANK NAME: | **HSBC HONG KONG** |
| BANK ADDRESS: | **1 QUEEN'S ROAD CENTRAL,** |
| | **HONG KONG.** |
| A/C NO: | **808-018188-838** |
| SWIFT CODE: | **HSBCHKHHHKH** |
| IN FAVOUR OF: | **ZHANGGANG SHIPPING LIMITED** |
| WITH REF: | **MV OINOUSSIAN LION** |

*For and on behalf of*
ZHANGGANG  SHIPPING  LTD.
張 鋼 船 務 有 限 公 司

*Authorized Signature(s)*

---

```
                    16-AUG-2007 13:05  page no : 268
Status  : MESSAGE DELIVERED
Station CANARA BANK  OF MESSAGE

RCVD *FIN/Session/OSN        :F01  9665    860154
RCVD *Own Address            :CNRBINBBAGF0  CANARA BANK
RCVD *                                      GOA
RCVD *                                      (GOA FOREIGN DEPARTMENT)
RCVD *Output Message Type    :199           FREE FORMAT MESSAGE
RCVD *Input Time             :1836
RCVD *MIR                    :070814IRVTUS3NAXXX1174309250
RCVD *Sent by                :IRVTUS3NAXXX  BANK OF NEW YORK
RCVD *                                      NEW YORK,NY
RCVD *Output Date/Time       :070816/0823
RCVD *Priority               :Normal
RCVD *MUR                    :CIS070814377680Q
RCVD *
RCVD *{3:(108:CIS07081437768001)
RCVD *
RCVD *20 /TRANSACTION REFERENCE NUMBER
RCVD *   CIS0708143776800.
RCVD *79 /NARRATIVE
RCVD *   ATTENTION: LEGAL.
RCVD *   OUR REF CIS0708143776800.
RCVD *   REGARDING YOUR SWIFT INSTRUCTIONS NUMBER
RCVD *   FTS0708149929200 DATED 070814, FOR USD 7,219.44
RCVD *   VALUE 070814 IN SAME DAY FUNDS BY ORDER
RCVD *   AD/CCNRBINBBGF0 FOR FURTHER CREDIT TO HSBC BANK
RCVD *   USA 140 BROADWAY 12TH FL NEW YORK, N.Y. 10005-1180
RCVD *   FOR THE ACCOUNT OF ZHANGGANG SHIPPING LTD
RCVD *   REFERENCE 0345F0TT-399/07.
RCVD *   PLEASE BE ADVISED THE ABOVE TRANSACTION IS
RCVD *   RESTRAINED TO A WRIT OF MARITIME ATTACHMENT IN THE
RCVD *   MATTER OF BRAVE BULK TRANSPORT LTD V. SPOT ON
RCVD *   SHIPPING LTD BVI AKA SPOT ON AKA CLAYTON STAR
RCVD *   COMPANY LIMITED AKA CLAYTON STAR AND PEHW ASSET
RCVD *   MANAGEMENT LIMITED AKA PEHW ASSET MANAGEMENT LTD
RCVD *   AND ZHANGDON SHIPPING LIMITED. THE ATTORNEYS FOR
RCVD *   THE PLAINTIFF ARE TISDALE LAW OFFICES. THEIR PHONE
RCVD *   NUMBER IS 212-354-0025. THE DOCKET NUMBER IS 07 CV
RCVD *   4546 (CM). THE JUDGMENT AMOUNT IS 540,029.94USD.
RCVD *   THANK YOU.
RCVD *   REGARDS, MICHAEL FITZSIMMONS 315-765-4160 , PLEASE
RCVD *   RESPOND TO FTD-BLOCK ENTITY.
RCVD *--
RCVD *
RCVD *MAC: Authentication Code
RCVD *   5F554FF5
RCVD *CHK: CheckSum
RCVD *   6CE112E57555
RCVD *DLM: Delayed Message
RCVD *
RCVD *SAC: SWIFT Authentication Correct
RCVD *CCP:P: CBT Primary Copy
RCVD *
User requested copy from CMHQ
```

1231642

# ZHANGGANG SHIPPING LIMITED

張 鋼 船 務 有 限 公 司

## INVOICE

M/S:  ZHANGDIAN IRON AND STEEL (HONG KONG) CO LTD  
RM 2104C, 21/F., ADMITALTY CENTRE TOWER,  
18 HARCOURT ROAD,  
HONG KONG

Ref:  ZS707054  
Date:  13-Jul-2007

| M.V.: | Voy. No: | B/L Date: | B/L Qty: | | L/Port: | D/Port: |
|---|---|---|---|---|---|---|
| MV MINERAL MONACO | Z0705 | 2-Jul-07 | 177,893 | MT | PORT WALCOTT, WESTERN AUSTRALIA | QINGDAO, PRC |
| MV BELLFLOWER | Z0703 | 18-Apr-07 | 73,800 | MT | GOA, INDIA | QINGDAO, PRC |
| MV ATA | Z0702 | 15-Apr-07 | 192,165 | MT | PORT WALCOTT, WESTERN AUSTRALIA | QINGDAO, PRC |
| MV CHINA STEEL RESPONSIBILITY | Z0701 | 8-Apr-07 | 172,596 | MT | PORT WALCOTT, WESTERN AUSTRALIA | QINGDAO, PRC |
| MV ETERNAL BRIGHT | Z0614 | 2-Feb-07 | 135,500 | MT | GOA, INDIA | QINGDAO, PRC |

| M.V. | TYPE | PARTICULARS | AMOUNT (USD) |
|---|---|---|---|
| MV MINERAL MONACO | DEMURRAGE | LOADING PORT - RECEIVER PORTION | 1,843,326.80 |
| MV BELLFLOWER | DESPATCH | LOADING PORT - RECEIVER PORTION | (31,961.11) |
| | | DISCHARGING PORT - RECEIVER PORTION | (49,234.03) |
| MV ATA | DESPATCH | DISCHARGING PORT - RECEIVER PORTION | (186,958.60) |
| MV CHINA STEEL RESPONSIBILITY | DESPATCH | DISCHARGING PORT - RECEIVER PORTION | (134,796.68) |
| MV ETERNAL BRIGHT | DESPATCH | DISCHARGING PORT - RECEIVER PORTION | (65,106.08) |

TOTAL AMOUNT DUE (USD)  1,375,270.30

E. & O.E.

Please make payment / remit under the following banking instructions:

BANK NAME:        HSBC HONG KONG  
BANK ADDRESS:     1 QUEEN'S ROAD CENTRAL,  
                  HONG KONG.  
A/C NO:           808-018188-838  
SWIFT CODE:       HSBCHKHHHKH  
IN FAVOUR OF:     ZHANGGANG SHIPPING LIMITED  
WITH REF:         MV MINERAL MONACO

*For and on behalf of*  
ZHANGGANG SHIPPING LTD.  
張 鋼 船 務 有 限 公 司

*Authorized Signature(s)*

```
-------------------------- Instance Type and Transmission -------------------
Notification (Transmission) of Original sent to SWIFT (ACK)
Network Delivery Status    : Network Ack
Priority/Delivery          : Normal
Message Input Reference    : 1838 070918GEBAHKHHAGCG4285950291
------------------------------ Message Header -------------------------------
Swift Input    : FIN 103 Single Customer Credit Transfer
Sender         : GEBAHKHHGCG
                 FORTIS BANK, HONG KONG BRANCH
                 (GLOBAL COMMODITIES GROUP)
                 HONG KONG HK
Receiver       : MRMDUS33XXX
                 HSBC BANK USA, N.A.
                 NEW YORK,NY US
------------------------------- Message Text -------------------------------
  20: Sender's Reference
      P07091801690P01
  23B: Bank Operation Code
       CRED
  32A: Val Dte/Curr/Interbnk Settld Amt
       Date          : 18 September 2007
       Currency      : USD (US DOLLAR)
       Amount        :         *1,000,000.00*
  33B: Currency/Instructed Amount
       Currency      : USD (US DOLLAR)
       Amount        :         *1,000,000.00*
  50K: Ordering Customer-Name & Address
       /803064
       ZHANGDIAN IRON AND STEEL (HONG
       KONG) CO., LTD., RM 2104C,
       21/F, ADMIRALTY CENTRE TOWER,
       18 HARCOURT ROAD, HONG KONG
  53B: Sender's Correspondent -Location
       /000139378
  56A: Intermediary Institution - BIC
       MRMDUS33
       HSBC BANK USA, N.A.
       NEW YORK,NY US
  57A: Account With Institution - BIC
       HSBCHKHHHKH
       HONGKONG AND SHANGHAI BANKING CORPORATION LIMITED, THE
       (ALL HK OFFICES AND HEAD OFFICE)
       HONG KONG  HK
  59: Beneficiary Customer-Name & Addr
      /808018188830
      ZHANGGANG SHIPPING LIMITED
  71A: Details of Charges
       OUR
------------------------------ Message Trailer -----------------------------
  {MAC:3C8F376D}
  {CHK:5DAA3FFF962C}
  PKI Signature: MAC-Equivalent
------------------------------- Interventions ------------------------------
Category      : Network Report
Creation Time : 18/09/07 10:36:26
Application   : SWIFT Interface
Operator      : SYSTEM
Text
{1:F21GEBAHKHHAGCG4285950291}{4:{177:0709181838}{451:0}}
End of Message
```

*To: Steve*

OCT-31-2002 03:20 FROM:

FROM FORTIS BANK                    TO ZHANGDIN                    P.01/01

19/09/07-07:55:07                    GCSPRN-2359-179602

*** Authentication Result: Success ***
-------- Instance Type and Transmission --------
Original received from SWIFT
Priority        : Normal
Message Output Reference  : 0756 070919GEBAHKHHAGC04266131477
Correspondent Input Reference  : 1956 070918MRMDUS33DXXX0S03612979
-------- Message Header --------
Swift Output              : FIN 299 Free Format Message
Sender          : MRMDUS33XXX
          HSBC BANK USA, N.A.
          NEW YORK,NY US
Receiver        : GEBAHKHHGCG
          FORTIS BANK, HONG KONG BRANCH
          (GLOBAL COMMODITIES GROUP)
          HONG KONG HK
MUR : 072610233820
-------- Message Text --------
20: Transaction Reference Number
    MMB1490-18SEP07
21: Related Reference
    NONE
79: Narrative
    ATTENTION -REMITTANCE DEPTPLEASE BE ADVISED
    THAT WE ARE HOLDING YOUR PAYMENT INSTRUCTIONS
    DATED 18 SEP 07 FOR USD1000,000.00 ORG ZHANGDIAN
    IRON AND STEEL HONGKONG CO LTDTRAN
    PO709180169OPO1 IN A HOLD-OVER ACCOUNT PURSUANT
    TO A COURT ORDER RECEIVED BY THE LEGAL DEPT. WE
    WILL CONTACT YOU IF WE NEED FURTHER INFORMATION
    PLEASE QUOTE OUR FIELD 20 REFERENCE IN FIELD 21
    ON YOUR FUTURE CORRESPONDENCE.
    KIND REGARDS,OFAC PROCESSING UNIT HSBC GLOBAL
    PAYMENTS AND CASH MANAGEMENT
    HSBC BANK USA
    CASE REFERENCE MMB1490-18SEP07
-------- Message Trailer --------
{CHK:A38103B907715}
PKI Signatures MAC-Equivalent
#End of Message

19 SEP 2007

TOTAL P.01

# 公　证　书

中华人民共和国山东省淄博市鲁中公证处

# Notarization

(2007) Zi Lu Zhong Zheng Wai Zi, No.2846

This is to certify that the English translated copy of (2007) Zi Lu Zhong Zheng Wai Zi, No.2845 <<Notarization>> attached hereto is in conformity with the Chinese original copy.

Notary: Zhang Junhong (Signature)

Zibo Luzhong Notary Public Office (Seal)

Shandong Province

The People's Republic of China

September 24, 2007

# 张 店 钢 铁 总 厂 用 笺

## 证　　明

　　本人是张店钢铁总厂（ZHANGDIAN IRON AND STEEL WORKS）的法人代表兼董事长，在此证明，张钢船务有限公司（ZHANGGANG SHIPPING LIMITED)是经过张店钢铁总厂董事会通过决定，在 2007 年 2 月在香港注册成立。张店钢铁总厂是中国政府100%所有的国有企业。附上张店钢铁总厂营业执照复件一份。

　　本人任职张钢船务有限公司主席（PRESIDENT），张店钢铁总厂对外经济贸易处处长张京禄先生（MR ZHANG JINGLU）任职张钢船务有限公司执行董事。

张店钢铁总厂

法人代表兼董事长：

2007 年 9 月 21 日

地址：淄博市张店区中心路176号
邮编：255007
http://www.zdsteel.com
E-mail:office@zdsteel.com

电话：0533-3152603
传真：0533-3183728

第　　页



# 企业法人营



企 业 名 称　　张店钢铁总厂

住　　　　所　　张店中心路176号

法 定 代 表 人　　王志杰

注 册 资 金　　人民币壹亿叁仟伍佰壹拾贰万

经 济 性 质　　全民所有制

经 营 方 式　　制造(加工)销售

经 营 范 围　主营　生铁、钢材、水泥、石
　　　　　　　　　　　卷、机械设备及和关
　　　　　　　　　　　售、清水销售(票分支
　　　　　　　　　　　证经营)*

　　　　　　兼营　人保及许可证制度的物

成立日期：1992年4月13日　　　登记机关：199
　　　　　　　　　　　　　　　　每年3月1日至6月30日参加年





人营业执照

**注册号** 3703001800874

厂

176号

壹仟伍佰壹拾柒万元整

销售

煤材、水渣、石灰石、矿渣、铁合、矿石、石棉、水泥及制品、高铁材料、磷选矿、包装设备、铆焊件制造、出口生铁、钢材、水渣及有关技术、进口白云、机械设备及相关技术；废料加工、来料加工、免税转加工、销售、来料食加工储运劳务（部分支机构经营）。以上经营范围凡需专项或许可经营的须凭许可证或书等）。

许可证制发的凭证经营

**发　照　机　关** 淄博市工商行政管理局

期：1992年4月13日　至　2015年3月17日

30日参加年检，不得另行通知　　二○○六年十一月一日

# 证 明 书

(2007)淄鲁中证外字第 2845 号

兹证明前面的《证明》上张店钢铁总厂法人代表兼董事
长王志杰的签名属实。



中华人民共和国山东省淄博市鲁中公证处

公证员 张军红

二○○七年九月二十四日

## Certification

My name is Wang Zhijie. And I am not only the legal representative but also the president and general manger of Zhangdian Iron and Steel Works. This is to certify that Zhanggang Shipping Limited was founded and registered in February, 2007 in Hong Kong with consent of the board of directors of Zhangdian Iron and Steel Works. Zhangdian Iron and Steel Works is one of the state-owned enterprises owned totally by Chinese government. Attached please kindly find one copy of the business license of Zhangdian Iron and Steel Works.

Moreover, I am the president of Zhanggang Shipping Limited, too. Mr. Zhang Jinglu, who is head of the international trade department of Zhangdian Iron and Steel Works, is the executive director of Zhanggang Shipping Limited.

ZHANGDIAN IRON AND STEEL WORKS

WANG ZHIJIE (signature)

Legal representative and the President

September21, 2007

# License of Business Corporation

**Number of registration**: 3703001800674

**Name of the Enterprise**: Zhangdian Iron and Steel Works

**Registered Address**: 176Zhongxin Road, Zhangdian District, Zibo City

**Legal person**: Wang Zhijie

**Registered funds**: RMB135.17million Yuan only

(say RMB one hundred and thirty-five million, one hundred and seventy thousand Yuan only)

**Nature of the Enterprise**: under ownership by the whole people

**Type of Enterprise**: manufacture, (processing), and sale

**Business scope**: pig Iron, steel, slag, limestone, steel billet, iron ore fines and lumps, cement and finished products, high-water materials, reducers, machinery; electric equipment, riveting and welding processing, exporting for pig iron , steel, cement, and relevant technology, importing for iron ore and machinery equipment and relevant technology, processing an order with supplied material and processing according to the supplied material, processing and sale for free-fire bricks, processing and sale for staple food and non-staple food, sale for alcoholic drinking and soft drinking (within the limits of the branches). (Some of the above must be approved and permitted by license if they need to be checked or permitted).

**Period of Business**:    April 13, 1992 – September 17, 2016
**Date of foundation**:    February 19, 2002
**Authority of Issuing**: the Commercial and Industrial Administration
Bureau of Zibo City
*(Embossed Stamp Affixed)*

**Issuing Date**: April 13, 1992
**Date of annual checking**: November 1, 2006

# Notarization

(2007) Zi Lu Zhong Zheng Wai Zi, No.2845

This is to certify that the signature Wang Zhijie, Legal Representative and concurrently President and General Manager of Zhangdian Iron and Steel Works, affixed on the <<Certificate>> attached hereto, is found to be authentic.

Notary: Zhang Junhong (Signature)

Zibo Luzhong Notary Public Office (Seal)

Shandong Province

The People's Republic of China

September 24, 2007

X IV 2570047/3

# 证 明 书

(2007)淄鲁中证外字第2846号

　　兹证明前面的(2007)淄鲁中证外字第2845号《证明书》的英文译本内容与该公证书中文原本相符。

中华人民共和国山东省淄博市鲁中公证处

公证员 

二〇〇七年九月二十四日

# STATEMENT

PURSUANT TO 28 U.S.C. § 1746, I DECLARE

UNDER PENALTY OF PERJURY UNDER THE LAWS

OF THE UNITED STATES OF AMERICA THAT THE

FOREGOING CERTIFICATION IS TRUE AND

CORRECT.

ZHANGDIAN IRON AND STEEL WORKS

WANG ZHIJIE

LEGAL REPRESENTATIVE AND THE PRESIDENT

EXECUTED ON SEPTEMBER 21, 2007, SHANDONG, CHINA

Freight derivatives Law

# To ISDA
# or not to ISDA?

**The proposed new FFABA contract is not to everyone's taste. Brian Perrott and Richard Merrylees of the commodities and international trade group at Hill Taylor Dickinson look at what it has to offer**

The market is getting to grips with the proposed new Freight Market Information Users Group (FMIUG) drafted Forward Freight Agreement Brokers Association (FFABA) contract; although like marmite it seems that not everyone loves it. Some swear by it though, and the ranks of those who have adopted, and more importantly, already profited from it are growing.


Brian Perrott

The detractors, however, say that the old "simple" FFABA contract does the job well enough and that the new version is just, well, too long and complicated; how exactly does it benefit me? The short answer is that it could save you money and will help the shipping derivatives market grow. The long answer is that the FMIUG wanted a contract that would better protect each contracting party's rights in the event of a default, which in turn will reduce credit risk, attract more players to the market and create more liquidity; no bad thing we all agree.

Some large investors do not consider that the old FFABA satisfactorily safeguards their interests in the event of a default. Just ask those who suffered at the hands of Navitrans this summer - or even at the hands of Enron and Refco. We won't mention any names. So whilst the simplicity of the old FFABA contract is a selling point for some, it has cost others dear - and has even deterred some from trading FFAs at all.

So, how does the new proposed FFABA contract set about protecting the "victim" of a default? The answer is simply by incorporating the ISDA Master Agreement; which is incorporated as standard into virtually all other derivatives contracts worldwide. Here, however, lies the problem. Whilst the ISDA Master Agreement is probably the most complete and mutually protective standard form derivatives contract currently traded, some in the shipping world consider it overly legalistic and a little wordy.

In a nutshell, the most significant protective changes the "ISDA Master Agreement" has brought to the new proposed FFABA contract is the fact that (1) it clearly sets out the parties' contractual obligations; and (2) it spells out, clear as day, what events constitute a default - and what the innocent party is entitled to do in the event of a default in order to best protect its interests.

To some, the seemingly never-ending list of ISDA Master Agreement default events and contractual obligations make little sense in the context of a maritime contract and only confuses matters; after all, most of us know what a default looks and smells like in the first place and we shouldn't have to be told. However, a little (or a lot of) clarity never hurt anybody. In fact it will go a long way to help, particularly when one considers that an FFABA is after all more of a financial than maritime contract and subject to an increasingly varied and expanding market.

It may come as a surprise to some that, for example, the old FFABA contract fails entirely to deal with the parties' rights in the event of bankruptcy - a key event that one would expect to be covered in a financial contract. Needless to say, the new proposed FFABA contract now provides for termination in the event of bankruptcy, thereby simplifying the close-out process and potentially reducing exposure, particularly in jurisdictions where bankruptcy will not terminate a derivatives contract unless expressly provided for in the contract. Other striking examples of the old FFABA contract's shortcomings now cured by

the incorporation of the ISDA Master Agreement include its failure to deal with netting of payments and close-out netting.

The netting of payments is a concept we are all familiar with. Most financial contracts provide for it. It makes sense; setting off debits under one contract against credits under another can greatly reduce the administrative burden – and can also speed up payment. This is music to everyone's ears, surely? Critics are quick to point out, however, that too many interlinked contracts might lead to accounting chaos – and in some cases, abuse. Keep your contracts wholly separate, they sagely say. Whilst there may be some truth buried in this, parties should remember that they are free to tailor the netting of payments clause, or even delete it altogether, to best suit their contractual needs.

Whilst a netting of payments clause may be a step too far for some, the benefits of close-out netting should appeal to all. A close-out netting clause entitles an innocent party to offset sums owed to it before making a payment to a bankrupt counterpart. The alternative, in jurisdictions which do not permit close-out netting unless expressly provided for in the contract, would be that the innocent party would have to pay the bankrupt counterpart in full whilst receiving only a right to a pro rata distribution from the liquidator for monies owed in return; not good news for the innocent party.

Diehard critics of the new proposed FFABA contract have suggested that netting of payments and close-out netting are potentially not permitted in certain jurisdictions. However, they are permitted in most – and for those that want to be sure, the ISDA support network provides detailed first-rate legal opinions on enforceability in pretty much every significant jurisdiction worldwide.

The ISDA Master Agreement also tidies up the representations provisions in the original FFABA contract, which are broadly limited to status, powers and consent of the parties. The parties to the agreement will now also warrant that the contemplated transaction will not bring about an event of default or termination, that there is no relevant actual or pending litigation, that specified information given is accurate and that various tax representations are correct. Most will agree that these are comforting assurances to receive and for those with nothing to hide there should be no objection to giving them. Perhaps the single best demonstration of the FMIUG's zero-tolerance approach to risk in the new proposed FFABA contract is clause 12, which permits the parties to record all telephone calls made and received in connection with the trade.

From a legal point of view, it is hard to find fault with the new proposed FFABA contract, based as it is on the tried and tested ISDA Master Agreement; never before have FFA trading parties' rights been so well protected. However, in an industry which can be averse to change (consider that the most popular NYPE time charter form is approaching its 60th birthday), it remains to be seen how the new proposed FFABA contract will catch on commercially. Guy Campbell, head of ocean freight at Koch Carbon UK Ltd (and chairman of the FMIUG) in his interview published in this magazine last June, predicted that the OTC market will split into two, those that "do" ISDA and those that "do not".

One thing is certain though. Like it or not, the "ISDA Master Agreement" has finally caught up with the shipping world. It is here to stay in one form or another and will become increasingly relevant as the FFA market, estimated at $25 billion this year, continues to grow and attract more mainstream investment. For those wanting to learn more about the new proposed FFABA, the FMIUG has produced a layman's guide, available upon request. More detailed information on the ISDA Master Agreement itself can be obtained on the ISDA website, or from a friendly lawyer (if you know one).

**Brian Perrott (ex Cargill) is a partner and Richard Merrylees an assistant in the** commodities and international trade group at Hill Taylor Dickinson; they can be contacted at teambp@htd-london.com