```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
BRAVE BULK TRANSPORT LTD.,                        07 Civ. 4546 (CM)

                         Plaintiff,               DECLARATION

        -against-

SPOT ON SHIPPING LTD., a.k.a. SPOT
ON SHIPPING LTD. BVI, a.k.a. SPOT ON,
a.k.a. CLAYTON STAR COMPANY LIMITED
a.k.a. CLAYTON STAR and PHEW ASSET
MANAGEMENT LIMITED a.k.a. PEHW ASSET
MANAGEMENT LTD. and ZHANGGANG SHIPPING
LIMITED,

                         Defendant.
------------------------------------------X
```

I, Edward A. Keane, hereby declare as follows:

1. I am a partner with the firm of Mahoney & Keane, LLP, counsel of record for defendant ZHANGGANG SHIPPING LIMITED (ZSL). Based upon my personal knowledge and my review of the file maintained by my office, I am familiar with the proceedings in this case.

2. Herewith attached is a true copy of the following:

> Exhibit A: Your Declarant's Letter to plaintiff's counsel dated December 14, 2007.

3. In the case at bar, plaintiff seeks security for damages under a Forward Freight Agreement (FFA), to which plaintiff claims ZSL is bound as a purported corporate "alter-ego" of the signatory. (Verified Second Amended Complaint, Exhibit A). Plaintiff further judicially admits that "[p]ursuant to clause 16 of the FFA contract all disputes arising thereunder are to be submitted to the English High Court with English law to apply." Id. at ¶ 12. Indeed, the copy of the FFA attached to plaintiff's

complaint provides that "this Agreement . . . shall be subject to the exclusive jurisdiction of the High Court of Justice in London, England." (FFA, Exhibit A6, at ¶ 16). It is also admitted that "Plaintiff is currently preparing to commence litigation against the Defendants in the English High Court on its claims." (Verified Second Amended Complaint, at ¶ 13).

4. Moreover, the original complaint seeking the Rule B attachments was filed back on May 30, 2007, and plaintiff has still not commenced suit in London. This is so, even though ZSL complained about the lack of progress during earlier motion practice back in September of last year, as well as by subsequent letter dated December 14, 2007. (Letter dated December 14, 2007, Exhibit B).

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 4, 2008
New York, New York

                                  Respectfully submitted,

                                  MAHONEY & KEANE, LLP
                                  Attorneys for Defendant
                                  ZHANGGANG SHIPPING LIMITED

By:       /s/ Edward A. Keane
                                  Edward A. Keane (EK 1398)
                                  111 Broadway, Tenth Floor
                                  New York, New York 10006
                                  (212) 385-1422

| | | |
|---|---|---|
| Edward A. Keane* <br> Cornelius A. Mahoney* <br> Garth S. Wolfson* <br> ——— <br> Jorge A. Rodriguez*† <br> ——— <br> Of Counsel <br> Stephen J. Murray <br> *Also admitted in NJ <br> †Also admitted in CT | **MAHONEY & KEANE, LLP** <br> *Attorneys at Law* <br> *111 Broadway, Tenth Floor* <br> *New York, New York 10006* <br> Telephone (212) 385-1422 <br> Facsimile  (212) 385-1605 <br> lawoffices@mahoneykeane.com | Connecticut Office <br> ——— <br> 14 Pilgrim Lane <br> Weston, CT 06883 <br> Tel: (203) 222-1019 <br> Fax:(203) 222-0252 |

December 14, 2007

TISDALE LAW OFFICES, LLC
11 West 42nd Street, Suite 900
New York, New York 10036
Fax:    (212) 869-0067

Re:    **SDNY Case No.: 07 CV 4546 (CM)**
       Brave Bulk Transport Ltd. v.
       Spot On Shipping Ltd., *et al.*
       **Our File No.: 12/3455/B/07/8**

Gentlemen:

        As you know, we represent defendant Zhanggang Shipping Limited in the above captioned matter.

        In this matter, an Order of Attachment was issued upon the Complaint, Amended Complaint and Second Amended Complaint submitted by plaintiff. In the three different versions of the Complaint it was averred: "Plaintiff is currently preparing to commence litigation against the defendants in the English High Court on its claim as described hereinabove." (See, paragraph 12 in "Verified Complaint" dated 30/may, 2007; paragraph 13 in "Verified Amended Complaint" dated 9/July, 2007; paragraph 13 in "Verified Second Amended Complaint" dated 31/Oct, 2007). Although plaintiff made that averment in the first Complaint dated 30/May, 2007, up to today, plaintiff has not yet commenced any litigation against their contractor Clayton Star Company Limited, BVI (ex name: Spot On Shipping Limited, BVI) in the English High Court.

        Please be advised, that our client has instructed us that if plaintiff continues to fail to fulfill the referenced assertions made in its Verified Complaint and subsequently filed Amendments submitted to the U.S. District Court S.D.N.Y. we will seek full legal redress for our client. Specifically, should plaintiff fail to institute a legal action immediately in the English High Court against Clayton Star Company Limited,

MAHONEY and KEANE

BVI, we will take all necessary and appropriate action in the matter venued in the U.S. District Court for the S.D.N.Y. against plaintiff in order to fully protect our clients' interest.

Considering that certain funds of our client have been restrained pursuant to the attachment order, the failure of plaintiff to commence timely litigation in the English High Court, as averred, is causing continuing severe damage to the business operation of Zhan gang Shipping Limited and hindering the production capabilities of its owner - Zhangdian Iron and Steel Works. Our client and its owner, Zhangdian Iron and Steel Works, reserve any and all legal rights they possess to claim against plaintiff for compensation for all consequent economic loss.

Very Truly Yours,

MAHONEY & KEANE, LLP

By: _____
Edward A. Keane

EAK/mtc