```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
BRAVE BULK TRANSPORT LTD.,                      07 Civ. 4546 (CM)

                    Plaintiff,

        -against-


SPOT ON SHIPPING LTD., a.k.a. SPOT
ON SHIPPING LTD. BVI, a.k.a. SPOT ON,
a.k.a. CLAYTON STAR COMPANY LIMITED
a.k.a. CLAYTON STAR and PHEW ASSET
MANAGEMENT LIMITED a.k.a. PEHW ASSET
MANAGEMENT LTD. and ZHANGGANG SHIPPING
LIMITED,

                    Defendant.
------------------------------------X
```

**MEMORANDUM OF LAW
IN SUPPORT OF MOTION**

Edward A. Keane (EK 1398)
Garth S. Wolfson (GW 7700)

    Of Counsel

**MAHONEY & KEANE, LLP**
Attorneys for Defendant
ZHANGGANG SHIPPING LIMITED
111 Broadway, Tenth Floor
New York, New York 10006
(212) 385-1422

## **TABLE OF CONTENTS**

*Page*

ARGUMENT..................................................1

    POINT I.    THE COMPLAINT SHOULD BE DISMISSED
                 FOR PLAINTIFF'S FAILURE TO PROCEED
                 IN THE PROPER VENUE..........................1

    CONCLUSION................................................7

**ARGUMENT**

**POINT I.**   **THE COMPLAINT SHOULD BE DISMISSED FOR PLAINTIFF'S FAILURE TO PROCEED IN THE PROPER VENUE.**

While "there is no existing mechanism with which forum selection enforcement is a perfect fit," New Moon Shipping Co. v. Mann B & W Diesel AG, 121 F.3d 24, 29, 1998 A.M.C. 603 (2d Cir. 1997), courts have treated such applications as motions under Rule 12(b)(3) based on improper venue. See, Jockey Int'l, Inc. v. M/V Leverkusen Express, 217 F. Supp. 2d 447, 2002 A.M.C. 2377, 2380 (S.D.N.Y. 2002).

And it is now well-settled that forum-selection agreements will be enforced with respect to both in rem and in personam claims. See, generally, Thyssen, Inc. v. Caypso Shipping Corp., 310 F.3d 102, 106-07, 2002 A.M.C. 2332 (2d Cir. 2002) ("[I]f plaintiffs were able to bring in rem claims in court after failure of their in personam claims before an arbitrator, parties would have no incentive to arbitrate maritime matters."); Fireman's Fund Ins. Co. v. Cho Yang Shipping Co., 131 F.3d 1336, 1998 A.M.C. 583, 585 (9th Cir. 1997) (holding "insufficient to invalidate the forum selection clause . . . [loss of] the right to proceed in rem – based on the legal fiction of vessel as wrongdoer").

Irrespective of an otherwise binding contract to exclusively arbitrate all claims, the Federal Arbitration Act (FAA) specifically allows in rem proceedings to secure the results of the arbitration.  9 U.S.C. § 8.

1

However, in the absence of an arbitration agreement which would serve as the statutory predicate for application of the FAA, the Supreme Court has ruled that the pendency of an <u>in rem</u> claim should not trump traditional venue analysis.

> Failure to do so would practically scuttle the *forum non conveniens* statute so far as admiralty actions are concerned. All a plaintiff would need to do to escape from it entirely would be to bring his action against both the owner and the ship, as was done here . . . To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent.

<u>Continental Grain Co. v. Barge FBL-585</u>, 364 U.S. 19, 24-25, 80 S. Ct. 1470, 4 L. Ed. 2d 1540 (1960); <u>Cronos Containers, Ltd. v. Amazon Lines, Ltd.</u>, 121 F. Supp. 2d 461, 465-66, 2000 A.M.C. 1417 (D. Md. 2000) ("The only connection which Amazon has to Maryland and this forum is that certain of its assets are temporarily located here and have been attached by plaintiff . . . Plaintiff Cronos argues that venue rules for normal civil actions do not apply to an admiralty action like this one which is quasi in rem. This Court would disagree."); <u>see also</u>, <u>Rapture Shipping Ltd. v. Allround Fuel Trading B.V.</u>, No. 06 Civ. 5296 (JFK), 2006 U.S. Dist. LEXIS 72704, **4-5 (S.D.N.Y. Oct. 4, 2006).

Accordingly, without arbitration, "there is no provision . . . which would authorize holding an attachment 'in limbo' pending the outcome of litigation going forward in some other jurisdiction." <u>The Sanko S.S. Co. v. Newfoundland Refining Co.</u>, 411 F. Supp. 285, 286 (S.D.N.Y. 1976).

2

> It is defendants' contention that this clause is valid and precludes the plaintiff from invoking the jurisdiction of this court and, therefore, requires that the action be dismissed. We find that defendants' proposition is conclusively established by *Bremen v. Zapata Off-Shore Co. (1972) 407 U.S. 1, 32 L. Ed. 2d 513, 92 S. Ct. 1907.* That case laid to rest any doubts as to the enforceability of such clauses and specifically haled that they were applicable to *in rem* actions. Plaintiff correctly points out that no question of the validity of an attachment was before the Court in that case. However, we deem that circumstance to be irrelevant . . . Such dismissal makes an attachment unavailable.

<u>Id.</u>

In the case at bar, plaintiff seeks security for damages under a Forward Freight Agreement (FFA), to which plaintiff claims ZSL is bound as a purported corporate "alter-ego" of the signatory. Plaintiff further judicially admits that "[p]ursuant to clause 16 of the FFA contract all disputes arising thereunder are to be submitted to the English High Court with English law to apply." (Verified Second Amended Complaint, Exhibit A to Keane Declaration, at ¶ 12). Indeed, the copy of the FFA attached to plaintiff's complaint provides that "this Agreement . . . shall be subject to the exclusive jurisdiction of the High Court of Justice in London, England." (FFA, Exhibit A6 to Keane Declaration, at ¶ 16). It is also admitted that "Plaintiff is currently preparing to commence litigation against the Defendants in the English High Court on its claims." (Verified Second Amended Complaint, Exhibit A to Keane Declaration, at ¶ 13).

3

In light of the above, venue for hearing the merits is conceded to properly lay only in the English High Court, not in arbitration, and not in this Court. Accordingly, Section 8 does not come into play, and there is no basis for maintaining an *in rem* action for security under Rule B. The entire matter should be dismissed pursuant to the forum-selection clause.[1]

Moreover, the mandatory, non-arbitration-related forum-selection agreement notwithstanding, it is unclear whether discretion to sustain an unripe claim has survived the Second Circuit's decision in Aqua Stoli, which directed that "a district court *must* vacate an attachment if the plaintiff's fails to sustain his burden of showing that he has satisfied the requirements of Rules B and E." Aqua Stoli, 460 F.3d at 445 (emphasis added). And, even assuming it has, "a prematurity objection has been ignored only in isolated situations under peculiar factual circumstances." Greenwich Marine, Inc. v. S.S.

---

[1] While the venue issue was never specifically addressed in the recent case of Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd., 460 F.3d 434, 444 (2d Cir. 2006), which involved an arbitration, the court of appeals did note that "vacatur may be warranted when the defendant can show that it would be subject to *in personam* jurisdiction in another jurisdiction convenient to the plaintiff," id. at 444, and that "[a] maritime attachment would likewise be vacated if the plaintiff and defendant are both present in the same district and would be subject to jurisdiction there, but the plaintiff goes to another district to attach the defendant's assets." Id. at 444-45; see also, OGI Oceangate Transp. Co. v. RP Logistics Pvt. Ltd., No. 06 Civ. 9441 (RWS), 2007 U.S. Dist. LEXIS 74180 (S.D.N.Y. Oct. 4, 2007) (holding the presence of both parties in India justified vacatur under Aqua Stoli. In this case, by virtue of the Law and Jurisdiction Clause, all parties to the FFA have consented to *in personam* jurisdiction in England.

4

Alexandra, 339 F.2d 901, 905 (2d Cir. 1965); see also, Patricia Hayes Assoc's v. Cammell Laird Holdings U.K., 339 F.3d 76, 82-83 (2d Cir. 2003); Eitzen Sealift A/S v. Cementos Andinos Dominicanos, SA, 05 Civ. 4550 (DC), 2005 U.S. Dist. LEXIS 19876 (S.D.N.Y. Sep. 9, 2005).

The original complaint seeking the Rule B attachments was filed back on May 30, 2007, and plaintiff has still not commenced suit in London. (Keane Declaration, at ¶ 4). This is so, even though ZSL complained about the lack of progress during earlier motion practice back in September of last year, as well as by subsequent letter dated December 14, 2007. (Letter dated December 14, 2007, Exhibit B to Keane Declaration).

It is astounding that, if plaintiff is really intent on litigating this case and expecting to win on the merits, plaintiff hasn't even commenced the action said to give rise to the need for security. All of plaintiff's attentions, rather, seem to have been devoted to seizing funds without being required to prove plaintiff's case. The Court is respectfully reminded that we are dealing with the ex parte seizure of a party's assets, and the complete disruption of its ability to do business, based on nothing more than unproven allegations (and as to a purported "alter ego" at that). See, generally, Great E. Shipping Co. v. Phoenix Shipping Corp., No. 07 Civ. 8373 (DLC), 2007 U.S. Dist. LEXIS 88911 (Dec. 4, 2007) ("[E]x parte proceedings, 'untrammeled by the safeguards of a public adversary judicial proceeding,

5

afford too ready opportunities for unhappy consequences to prospective defendants.'") (quoting United States v. Minker, 350 U.S. 179, 188, 76 S. Ct. 281, 100 L. Ed. 185 (1956)).

ZSL's actual liability must await contingent findings of the London court, where plaintiff has not started litigation till now. ZSL has previously repeatedly advised this Court that ZSL is an independent subsidiary company whose operations are devoted entirely to transportation of iron ore, used for production, for its parent company "Zhangdian Iron and Steel Works" (a Chinese government owned steel production enterprise). From Feb. 27 2006 ZSL appointed "Spot On (Hong Kong) Group Corporation Limited" to manage its operations upon consideration. ZSL has no relationship with "Spot On Shipping Limited, BVI" which is the signatory to that FFA contract (concluded on Feb.26, 2007) previously presented to this Court by plaintiff. Furthermore, ZSL knows nothing of the underlying issues with respect to the FFA. It is certainly not an "alter-ego" as alleged under plaintiff's Rule B application in any way, shape or form at any time. It would thus be plainly inappropriate to engage in discovery before this Court with respect to veil piercing; all these predicate liability issues must be decided in a London lawsuit.

But plaintiff has shown that it has no consideration for the enormity of the attachment from the perspective of its victim and no desire to speed the resolution of the underlying disputes so that the situation may be resolved. Such egregious circumstances

6

cry out for the exercise of the Court's discretion to dismiss this premature case pending the outcome in London.

**CONCLUSION.**

WHEREFORE, ZSL urges the Court to dismiss all claims against ZSL and grant to ZSL such other and further relief as this Honorable Court may deem just and proper.

Dated:    New York, New York
          March 4, 2008

                              Respectfully submitted,

                              MAHONEY & KEANE, LLP
                              Attorneys for Defendant
                              ZHANGGANG SHIPPING LIMITED

                      By: _____
                              Edward A. Keane (EK 1398)
                              111 Broadway, Tenth Floor
                              New York, New York 10006
                              (212) 385-1422

TO:    TISDALE LAW OFFICES, LLC
       11 West 42nd Street, Suite 900
       New York, New York  10036
       (212) 354-0025

7