UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BRAVE BULK TRANSPORT LTD.,                              :

          Plaintiff,                                :          07 CV 4546 (CM)

     - against -                                 :          ECF CASE

SPOT ON SHIPPING LTD., a.k.a. SPOT ON                   :
SHIPPING LTD. BVI., a.k.a. SPOT ON,
a.k.a CLAYTON STAR COMPANY LIMITED                      :
a.k.a. CLAYTON STAR and PEHW ASSET
MANAGEMENT LIMITED a.k.a. PEHW                          :
ASSET MANAGEMENT LTD.
and ZHANGGANG SHIPPING LIMITED,                         :

         Defendants.                             :
------------------------------------------------------------X

### PLAINTIFF'S MEMORANDUM IN OPPOSITION TO ZHANGGANG SHIPPING LIMITED'S MOTION TO DISMISS MARITIME ATTACHMENT

Plaintiff, Brave Bulk Transport Ltd. ("Brave Bulk" or "Plaintiff") by and through its undersigned counsel, Tisdale Law Offices, LLC, respectfully submits this memorandum of law in opposition to Defendant Zhanggang Shipping Ltd.'s ("ZSL" or "Defendant") motion to dismiss. For the reasons set forth herein, ZSL's motion must be denied.

### PRELIMINARY STATEMENT

Initially, the Court should be reminded that ZSL previously moved to vacate the attachment in this case on the basis that ZSL is not the alter ego of defendant Spot On Shipping Ltd. ("Spot On"). That motion, upon reconsideration, was denied by this Court in its Opinion and Order dated October 30, 2007. Therein, this Court held that, after amending the Complaint to so state, the pleadings adequately established a *prima facie* claim for the existence of an alter ego relationship between ZSL and Spot On.

In ZSL's most recent motion, it is difficult to identify which Federal Rules of Civil Procedure or Supplemental Rules for Certain Admiralty and Maritime Claims ("Supplemental Admiralty Rules") ZSL is relying on to file this motion. On one hand, ZSL relies on the forum selection clause in the FFA to which it has previously asserted that it is not a party, to claim "the entire matter should be dismissed pursuant to the forum-selection clause." (See ZSL's Memorandum of Law in Support of Motion to Dismiss at 4)("Memo of law"). On the other hand, ZSL questions whether this Court has discretion to sustain an alleged "unripe claim" (ZSL's Memo of law at 4). Finally, without citing any authority, ZSL argues that it should not be obligated to participate in the lawful discovery which has been served upon it to further discover its relationship with the other defendants in this action (See attached Declaration of Lauren C. Davies, ¶ 24)("Davies Decl.").

The nature of the alter ego relationship between ZSL and its co-defendants should be determined by this Court and, as such, the Plaintiff should be entitled to obtain discovery from ZSL on its relationship with Spot On. This is especially true since ZSL has made no objection to the discovery requests properly served on them by the Plaintiff and the 30 days ZSL had to object have now passed. In all respects, this action should be allowed to proceed and ZSL's motion should be denied.

## STATEMENT OF FACTS

The pending action is a maritime attachment based upon the breach of a Forward Freight Agreement ("FFA") dated February 26, 2007 between Brave Bulk and Spot On. *See Verified Second Amended Complaint* ¶ 8, *see also Davies Decl.* ¶ 3. The FFA provided for settlement

dates on the last day of three contract months: April, May and June of 2007. *See Verified Second Amended Complaint* ¶ 9, *see also Davies Decl.* ¶ 4. Despite due demand for payment, Spot On failed to remit payment to Plaintiff in breach of the FFA. *See Verified Second Amended Complaint* ¶ 10, *see also Davies Decl.* ¶ 5. As a result of Spot On's breach of the FFA contract, Plaintiff has suffered a loss in the total principal sum of $380,7769.67 plus interest and costs and seeks security in the total sum of $540,029.94. *See Verified Second Amended Complaint* ¶¶ 11, 14, *see also Davies Decl.* ¶¶ 6, 11.

In order to obtain personal jurisdiction over the Defendants and to obtain security for its maritime claims, Plaintiff commenced this action on May 30, 2007, by filing a Verified Complaint which included a prayer for an ex parte order for process of maritime attachment ("ex parte order"). *Davies Decl.* ¶ 10. On July 9, 2007, a Verified Amended Complaint which included a prayer for an amended ex parte order was filed. *Davies Decl.* ¶ 13. This Verified Amended Complaint named ZSL as an alter ego defendant. *Davies Decl.* ¶ 13. On or about July 10, 2007, this Court issued the amended ex parte order authorizing Plaintiff to attach Defendants' property located within this judicial district and belonging to the Defendants up to the sum of $540,029.94. *Davies Decl.* ¶ 14.

On or about August 14, 2007, and pursuant to the amended ex parte order issued by the Court, $7,219.44 of ZSL's assets were properly restrained in the district by garnishee Bank of New York. *Davies Decl.* ¶ 15. On or about September 19, 2007, garnishee HSBC properly restrained ZSL's property in the district in the sum of $1,000,000.00. *Davies Decl.* ¶ 16.

Defendant ZSL filed a motion to vacate the instant action on August 22, 2007. *Davies*

*Decl.* ¶ 19.  On October 30, 2007, this Court issued a decision and order ("October 30, 2007

Decision and Order")(1) denying defendant's motion to vacate maritime attachment against Spot

On Shipping Ltd., (2) granting Plaintiff's motion to reconsider previous order vacating the

attachment against defendant ZSL, (3) declining to reinstate the attachment against ZSL, and (4)

granting plaintiff permission to file a second amended complaint and a new request for a

maritime attachment against ZSL. *See October 30, 2007 Decision and Order.*  On October 31,

2007, Plaintiff filed its Verified Second Amended Complaint in compliance with the Court's

order dated October 30, 2007 and this Court issued an amended ex parte order for process of

maritime attachment against ZSL. *Davies Decl.* ¶ 21.  On November 13, 2007, ZSL moved to

reconsider this Court's October 30, 2007 Decision and Order. *Davies Decl.* ¶22.  On November

21, 2007, ZSL's motion to reconsider was denied.  *Davies Decl.* ¶ 23.

On January 11, 2008, Plaintiff served ZSL with discovery limited to the alter ego issue.

ZSL has failed to respond to same. *Davies Decl.* ¶ 24.  On March 18, 2008, Brave Bulk initiated

High Court proceedings against Spot On. *Davies Decl.* ¶¶ 8-9.

## ARGUMENT

### POINT I

### STANDARD OF REVIEW

Without so stating, ZSL seems to be moving to dismiss pursuant to Fed. R. Civ. P.

12(b)(3) for improper venue.  First off, the general venue statute does not apply to admiralty

actions. Fed. R. Civ. P. 82.  In admiralty actions, analysis of venue and personal jurisdiction

merge, and venue is proper in any district where personal jurisdiction can be obtained over the

defendant. *See Sunbelt Corp. v. Noble, Denton & Assocs.,* 5 F.3d 28, 31 n.5 (3d Cir. 1993); *In re McDonnell-Douglas Corp.,* 647 F.2d 515, 516 (5th Cir. 1981). Further, in analyzing whether a plaintiff has made the requisite *prima facie* showing that venue is proper, all the facts are to be viewed in a light most favorable to plaintiff. *See New Moon Shipping Co. v. Man B&W Diesel AG,* 121 F.3d 24, 29 (2d Cir. 1997). Thus, Plaintiff's burden in the instant motion is to demonstrate that it has successfully attached ZSL's funds in the district – thereby obtaining jurisdiction – pursuant to a valid Rule B attachment.

## POINT II

### THE JURISDICTION AND VENUE OF
### THIS MARITIME ATTACHMENT ARE PROPER

The alleged sole basis for ZSL's motion to dismiss the instant action is that the Verified Second Amended Complaint should be dismissed for plaintiff's supposed failure to proceed in the proper venue. ZSL has already been given the opportunity to make its case for vacatur of the attachment and to contest any other alleged deficiencies in the proceedings, and this Court has made its decision. *See* October 30, 2007 decision and order denying vacatur, *see also* order denying defendants' motion to reconsider Court's October 30, 2007 decision. Furthermore, the general venue statute does not apply to admiralty actions. Fed. R. Civ. P. 82. In admiralty actions, analysis of venue and personal jurisdiction merge, and venue is proper in any district where personal jurisdiction can be obtained over the defendant. *See Sunbelt Corp. v. Noble, Denton & Assocs.,* 5 F.3d 28, 31 n.5 (3d Cir. 1993); *In re McDonnell-Douglas Corp.,* 647 F.2d 515, 516 (5th Cir. 1981).

The adequacy of this venue hinges on whether the Plaintiff has met the requirements of

Supplemental Rule B pursuant to Supplemental Rule E and obtained jurisdiction over the defendant by attaching its assets in the district. If it has, then "the complaint will not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle it to relief." *Wajilam Exports (Singapore) Pte. Ltd. v. ATL Shipping Ltd. et. al.,* 475 F. Supp. 2d 275, (SDNY 2006). Plaintiff has properly attached ZSL's assets within the jurisdiction pursuant to this action. As such, venue is clearly proper and discovery on the alter ego issue should be permitted to proceed. Furthermore, the London High Court proceedings have been initiated. As such, ZSL has no basis to attack the venue of this action and its motion must be denied. Further, and as will be demonstrated below, ZSL's arguments that venue is improper based upon the forum selection clause in the FFA are baseless.

### A.    The Forum Selection Clause Does Not Apply to ZSL

This action is based upon the breach of an FFA which was entered into between Brave Bulk and Spot On. ZSL is not a party to the FFA contract and, in its motion to vacate maritime attachment, fervently asserted same. *See ZSL's September 27, 2007 Memorandum in Opposition to Plaintiff's Motion for Reconsideration* at 15. This admission can only mean that ZSL is not subject to the forum selection clause contained in the FFA. Despite ZSL's present motion to dismiss, ZSL contends that the forum selection clause in the FFA, to which it is not a party, necessitates the dismissal of this action. ZSL cannot have it both ways and despite their most recent assertions, they are not a party to the FFA contract and, as such, are not bound by the forum selection clause contained therein.

**B.**    **The Forum Selection Clause is not a bar to this New York Action**

ZSL contends in its motion to dismiss that this Court does not have jurisdiction over this action because the underlying contract calls for English High Court proceedings instead of foreign arbitration. In doing so, ZSL grossly misstates the law of this district and Rule B itself which collectively hold that maritime attachments are procedural pre-judgment remedies that are used to obtain jurisdiction and security over a multitude of different kinds of judgments. *See generally Supplemental Rule B; see also Mediterranea Di Navigazione SpA v. International Petrochemical Group S.A.,* 06 Civ. 6700 (JGK), 2007 U.S. Dist. LEXIS 35869, * 15-16 (SDNY 2007). Venue principles are not offended by this forum selection clause anyways because venue is appropriate in admiralty actions where jurisdiction can be obtained. It is well established that purpose of Rule B is to obtain jurisdiction over an absent defendant and to "assure satisfaction of a judgment," *Aqua Stoli,* 460 F.3d at 437-8. Further, it is uncontested that in the instant action jurisdiction has been obtained. Thus, the forum selection clause is irrelevant to this motion.

Even if the forum selection clause were relevant to this motion, ZSL's argument fails. Nowhere on the face of the Rule or in the case law is this remedy limited to foreign arbitration proceedings. Most notably, the language chosen by the Second Circuit in *Aqua Stoli* clearly states that Rule B may be used to "assure satisfaction over a judgment." *Id.* at 445. *Aqua Stoli* does not state that Rule B may be <u>only</u> used to assure satisfaction over foreign arbitration and it is axiomatic that "Rule B specifies the sum total of what must be shown for a valid maritime attachment." *Id.* at 447.

Furthermore, this district has held that "under English law, … the general rule is that exclusive jurisdiction clauses will not preclude ancillary relief in other jurisdictions, such as the Rule B attachment here, unless there is an express contractual provision to that effect." *Mediterranea di Navigazione*, 2007 U.S. Dist. LEXIS at *13. Given the foregoing, there can be no question that venue over this maritime attachment is proper in this district.

Even where the parties select a foreign court as the forum in which all disputes are to be heard, it is the general rule under English law "that exclusive jurisdiction clauses will not preclude ancillary relief in other jurisdictions, such as the Rule B attachment here, unless there is an express contractual provision to that effect." *Polar Shipping Ltd. v. Oriental Shipping Corp.,* 680 F.2d 627, 632-3 (stating that the fact that the contract called for resolution by the English Courts did not preclude the plaintiff from obtaining prejudgment security by maritime attachment in the district court)(internal citations omitted). The Ninth Circuit's decision *in Polar Shipping* has now been adopted by courts in this District. *See, e.g., Mediterranea*, 2007 U.S. Dist. Lexis at 13.

More specifically, the court in *Polar Shipping* stated that "in an admiralty action, absent express intent to the contrary, a forum selection clause providing that all disputes under the contract will be determined by a selected **foreign court** neither precludes a plaintiff from commencing an action in the district court to obtain security by **maritime attachment,** nor prohibits the district court from ensuring the availability of security adequate to satisfy a favorable judgment in the selected forum." *Id. at 633.* Here, the FFA does not contain any provision that bars ancillary proceedings in other jurisdictions to obtain security,[1] and this

---

[1] The entirety forum selection clause in the FFA between Brave Bulk and Spot On Shipping Ltd. states:

attachment is not affected by the forum selection clause in the FFA. In any event, and as already

stated, ZSL is not a party to the FFA, and the forum selection clause is not relevant to the validity

of the venue of this action.

## POINT III

### DISCOVERY ON THE ALTER EGO ISSUE IS WARRANTED

ZSL states that in its motion that its "actual liability must await contingent findings of the

London Court." (ZSL's Memo of law at 6). Plaintiff has already established that it is entitled to

the remedy of maritime attachment, i.e. security for its claims against Spot on and the alter egos

of Spot On. *See October 30, 2007 Decision and Order.* Furthermore, ZSL provides no authority

for its muddy argument that it would be "inappropriate to engage in discovery" on the alter ego

issue. (ZSL's Memo. of law at 6). Plaintiff is entitled to security in this district via Rule B and

security can be obtained from Spot On or any of its alter egos. *See October 30, 2007 Decision*

*and Order* (stating "as long as the allegations in the Amended Complaint state a *prima facie* case

that ZSL is an alter ego of Spot On, the attachment against ZSL must stand."). Thus, discovery

on the alter ego issue is appropriate in this proceeding. *See, e.g., Morin v. Trupin,* 738 F. Supp.

98, 106 (S.D.N.Y. 1990)(discovery permitted to proceed on alter ego theory); *see also, Japan*

*Line, Ltd. v. Willco Oil Ltd.,* 424 F. Supp. 1092, 1094 (D. Conn. 1976)(discovery permitted on

alter-ego relationship); *see further Blueye Navigation, Inc. v. Oltenia Navigation, Inc., et al.,*

1995 U.S. Dist. LEXIS 1844, 94 CV 1500 (LAP), 94 CV 2653 (LAP) (S.D.N.Y. 1995)(denying

---

"16. Law and Jurisdiction Pursuant to Section 13(b) of the Standard Agreement, this Agreement shall be governed by and construed in accordance with English law and shall be subject to the exclusive jurisdiction of the High Court of Justice in London, England. The terms of Section 12(a) of the Standard Agreement notwithstanding, proceedings may be validly served upon either party by sending the same by ordinary post and/or by fax to the addresses and/or fax numbers for each party above." *See FFA Contract annexed to the Declaration of Lauren C. Davies as Exhibit "J."*

request for discovery only because no assets had been attached in the district).

Rule B and the weight of the case law on maritime attachments clearly contemplate that discovery may take place after the Rule E(4)(f) hearing. For example, in *Wajilam Exp. (Singapore) Pte. Ltd. v. ATL Shipping Ltd.,* 05 CV 7955, 475 F. Supp. 2d 275 (S.D.N.Y. 2006), the Court held that "in light of the fact that plaintiff's burden is not to prove by a preponderance of the evidence that it is entitled to relief, but merely to show reasonable grounds for an attachment, the appropriate course **is to allow discovery to go forward** and give the parties an opportunity to prove their versions of the facts." *Id.* at 281 (emphasis added).

ZSL's statement that Plaintiff has "no consideration for the enormity of the attachment from the perspective of the victim" is similarly meritless and should not influence this Court's decision on this motion. (ZSL's Memo. of law at 6-7). Plaintiff has initiated discovery proceedings in an effort to reach a judgment on the alter ego issue and has initiated the commencement of High Court proceedings against Spot On pursuant to the FFA contract. Furthermore, there is another maritime attachment action pending in the district which names ZSL as a defendant, filed under docket number 07 CV 3820 (VM). In that action, no defendant has answered or appeared to date. As such, the security obtained will be split amongst the two Rule B Plaintiffs and Plaintiff's share in this action is likely to be $504,219.44, half of the total sum attached. Further, it is of note that the total sum sought in the action filed under docket number 07 CV 3820 (VM) exceeds the total sum of ZSL's attached property.[2] As such, should this action be dismissed, ZSL's funds will remain restrained pursuant to the other action.

---

[2] In *Deiulemar v. Spot On Shipping, Zhanggang Shipping Ltd., et. al.,* 07 CV 3820 (VM), the Plaintiff seeks to attach the total sum of $3,498,324.30 in security.

10

This venue is the proper one – it is where ZSL and Brave Bulk are both subject to jurisdiction. As such, it is a proper venue for an admiralty action. Further, the current venue makes the most common sense. There is no requirement that the merits of the alter ego issue go to London, and ZSL is not and will not become a party to the High Court proceedings as they were not a party to the FFA contract or its forum selection clause. Furthermore, there is no convenient jurisdiction between Brave Bulk and ZSL as plaintiff is a Maltese company and ZSL is a registered in the British Virgin Islands but has a principal place of business in Hong Kong. *See Verified Second Amended Complaint at* ¶ 3. As such, ZSL, the moving party, has failed to meet its burden to show the Court that it is entitled to the relief sought in this motion. Accordingly, the motion to vacate should be denied and discovery should proceed on the alter ego issue.

## CONCLUSION

For all of the foregoing requirements, ZSL's motion to dismiss must be denied.

Dated: March 25, 2008
      New York, NY

                         Respectfully submitted,

                         The Plaintiff,
                         BRAVE BULK TRANSPORT LTD.,

By:                          
                         Lauren C. Davies (LD 1980)
                         Thomas L. Tisdale (TT 5263)
                         TISDALE LAW OFFICES, LLC
                         11 West 42nd Street, Suite 900
                         New York, NY 10006
                         (212) 354-0025 (p)
                         (212) 869-0067 (f)
                         ldavies@tisdale-law.com

## AFFIRMATION OF SERVICE

I hereby certify that on March 25, 2008, a copy of the foregoing MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing.  Parties may access this filing through the Court's CM/ECF system.


By:_____/s/_____
             Lauren C. Davies