UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
BRAVE BULK TRANSPORT LTD.,                                    **07 Civ. 4546 (CM)**


                                    Plaintiff,


            -against-


SPOT ON SHIPPING LTD., a.k.a. SPOT
ON SHIPPING LTD. BVI, a.k.a. SPOT ON,
a.k.a. CLAYTON STAR COMPANY LIMITED
a.k.a. CLAYTON STAR and PHEW ASSET
MANAGEMENT LIMITED a.k.a. PEHW ASSET
MANAGEMENT LTD. and ZHANGGANG SHIPPING
LIMITED,


                                    Defendant.
------------------------------------------X




                MEMORANDUM OF LAW IN SUPPORT OF
                MOTION TO WITHDRAW AS COUNSEL




                        **MAHONEY & KEANE, LLP**
                        **Attorneys for Defendant**
                        **ZHANGGANG SHIPPING LIMITED**
                        **111 Broadway, Tenth Floor**
                        **New York, NY 10006**
                        **(212) 385-1422**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..................................... 1

STATEMENT OF FACTS ........................................ 1

ARGUMENT .................................................. 1

CONCLUSION ................................................ 3

**TABLE OF AUTHORITIES**

**Cases**

Promotica of America v. Johnson Grossfield, Inc.,
98 Civ. 7414 (AJP); 2000 U.S. Dist. LEXIS 8594
(S.D.N.Y. April 18, 2000) ................................. 2

Young America Merchandise Corp., et al. v. Top
Quality Products, Inc., 02 Civ. 5962 (CBM);
2004 U.S. Dist. LEXIS 5748 (S.D.N.Y. April 5,
2004) ..................................................... 1

**Statutes**

U.S.Dist.Ct.Rules S. & E.D.N.Y., Civil Rule 1.4 (2008)..... 1

22 N.Y.C.R.R 1200.15(b)(4)(2008).......................... 1

## PRELIMINARY STATEMENT

This Memorandum of Law is submitted on behalf of MAHONEY & KEANE's Motion to Withdraw as Counsel for Defendant ZHANGGANG SHIPPING LIMITED (ZSL).

## STATEMENT OF FACTS

See Declaration of Edward A. Keane

## ARGUMENT

### THIS HONORABLE COURT MUST GRANT MAHONEY & KEANE'S MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT ZSL

The Local Rules for the Southern District of New York state that

> [a]n attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the court and may not withdraw from a case without leave of the court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar.

U.S.Dist.Ct.Rules S. & E.D.N.Y., Civil Rule 1.4 (2008). A Court may permit an attorney to withdraw his or her representation of a client where there exists "an irreconcilable conflict between the attorney and client." Young America Merchandise Corp., et al. v. Top Quality Products, Inc., 02 Civ. 5962 (CBM); 2004 U.S. Dist. LEXIS 5748 (S.D.N.Y. April 5, 2004)(a client's termination of representation is a clear expression of irreconcilable conflict); See also, 22 N.Y.C.R.R 1200.15(b)(4)(2008)(an attorney must withdraw if he or she has been discharged by the client).

1

Withdrawal of representation is also warranted where the court determines that the client has not cooperated with counsel in the defense or prosecution of the matter. Promotica of America v. Johnson Grossfield, Inc., 98 Civ. 7414 (AJP); 2000 U.S. Dist. LEXIS 8594 (S.D.N.Y. April 18, 2000).

In the present matter, there exists an irreconcilable conflict between Defendant ZSL and its counsel MAHONEY & KEANE. Defendant, against the advice of counsel, has instructed that we abstain from submitting a reply in the motion to dismiss that is currently pending before the Court. (Keane Decl. at ¶ 8). Furthermore, Defendant ZSL has demanded that counsel discontinue any and all work being performed in the referenced matter. (Id.). In fact, Defendant has made clear that it intends to terminate counsel's representation and change attorneys in this matter. (Id. at ¶ 9). To that end Defendant ZSL has represented that it will provide counsel with an executed substitution of attorney. (Id. at ¶ 9). Presently, and despite attempts to do so, counsel has been unable to ascertain the status of Defendant's substitution of attorney. (Id. at ¶ 10).

Given that Defendant has effectively terminated MAHONEY & KEANE, and has ceased communication with same, counsel is unable to continue to represent Defendant's interests in this matter. As such, this Honorable Court must grant counsel's motion to withdraw as counsel.

2

## CONCLUSION

**WHEREFORE**, MAHONEY & KEANE, counsel for Defendant ZHANGGANG

SHIPPING LIMITED, respectfully requests

    (1) That this Honorable Court issue an Order granting

counsel's Motion to Withdraw as Counsel;

    (2)  For any other and further relief as this Court

may deem proper.

Dated:    New York, NY

    May  5 , 2008

                            Respectfully submitted,

                            MAHONEY & KEANE, LLP
                            Attorneys for Defendant
                            ZHANGGANG SHIPPING LIMITED

                    By
                            Edward A. Keane (EK 1398)
                            111 Broadway, 10th Floor
                            New York, NY 10006
                            (212) 385-1422
                            File No.

TO:   TISDALE LAW OFFICES, LLC
      11 West 42nd Street, Suite 900
      New York, New York  10036
      Fax: (212) 869-0067

3